IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| EUGENE GRAHAM, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 05 C 758 |
| MIDLAND MORTGAGE COMPANY, CHASE MANHATTAN MORTGAGE CORP., and JP MORGAN CHASE & CO. | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on Defendant Midland Mortgage Co.'s ("Midland") motion to dismiss, and Defendants Chase Manhattan Mortgage Corp.'s and JP Morgan Chase & Co.'s motion to dismiss. For the reasons stated below, we grant both of Defendants' motions to dismiss in their entirety.

## BACKGROUND

Plaintiff Eugene Graham ("Graham") alleges that he purchased residential property in the city of Chicago from Easy Life Realty. In June 1995, Graham allegedly entered into a loan agreement with Defendant Chase Manhattan Mortgage

1

Corp. ("Chase"), for an amount of $124,898. Graham claims this loan agreement was insured by the Federal Housing Administration. According to Graham, the property was not properly renovated when he purchased the property, and therefore Graham was unable to use part of the building to generate rental income as he had intended.

In June 2001, the Department of Housing and Urban Development ("HUD") allegedly stated in a letter to Graham that Graham's mortgage was overvalued due to the improper renovations, and that Graham had been "disadvantaged by this improper mortgage, leading to [his] delinquency and eventual default." (Compl. Ex. C). In this same letter, HUD stated that they had "requested [Graham's] servicing lender to accurately represent the cause of delinquency and default as required by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq." (Compl. Ex. C). In May 2003, Graham claims that he executed a deed-in-lieu of foreclosure, in which the loan balance was to be resolved in exchange for a $5,000 payment to Graham.

In February 2005, Graham filed the instant action in this court. The complaint includes a fraud, intentional misrepresentation, and predatory lending claim, an unjust enrichment claim, a negligence and breach of fiduciary duties claim, an unconscionability claim, and an estoppel claim. Defendants are now moving to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations in a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide little detail [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action . . . .'" *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir.1994)(stating also that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the

hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

### I. Fraud, Intentional Misrepresentation, and Predatory Lending Claim

Graham's first unnumbered claim alleges "fraud, intentional misrepresentation and predatory lending." (Compl. 6). Specifically, Graham alleges that "Defendants are well aware of Easy Life's illegal, immoral, and deceptive practices" and that "Defendants are well aware that Graham's mortgage loan is significantly overvalued." (Compl. 6). Graham also alleges that "Defendants' failure to rework Graham's loan amount and loan terms in light of the Easy Life Scam amounts to fraudulent practices by Defendants . . . ." (Compl. 6). Defendants argue that there is no statutory cause of action for predatory lending and, thus, Graham must be alleging a claim of common law fraud or fraudulent misrepresentation. (M's Mot.

4

3)(C's Mot. 6).

Under the Federal Rules of Civil Procedure ("Federal Rules"), a plaintiff generally only needs to provide in a complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Federal Rules also provide that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The Seventh Circuit has held that when a plaintiff is alleging that a defendant is liable for the fraudulent act of a third party, as Graham is in the instant action, "less detail may be required under Rule 9(b) because the plaintiff may not have access to all the facts necessary to detail his claim." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923-24 (7th Cir. 1992). However, the Seventh Circuit made it clear in *Uni\*Quality* that a plaintiff in such a situation must still allege *who* committed the fraud or made the fraudulent representation, *when* the fraud was committed, or the place *where* the fraudulent actions occurred. *Id.* Furthermore, "allegations made upon information and belief are insufficient, even if the facts are inaccessible to the plaintiff, unless the plaintiff states the grounds for his suspicions . . . ." *Id.*

In the instant action, Graham simply states that "Defendants' conduct in attempting to reasonably remedy this matter has been unfair, unreasonable, deceptive, oppressive, unconscionable, and contrary to public policy and generally recognized standards applicable to the consumer lending business." (Compl. 6-7).

However, Graham alleges nothing in the complaint to support a connection between Easy Life's alleged fraud and Defendants' actions. Graham also fails to offer any specifics regarding the "who, what, when, and where," *Id.*, of the alleged fraudulent acts, or any specific fraudulent representations that were made by Defendants. Furthermore, the section of the Illinois Administrative Code that Graham cites as providing a cause of action for predatory lending in Illinois, Illinois Administrative Code Title 38, 1050.110, contains regulations that correspond to 205 ILCS 635/1-1 *et. seq.*, the Residential Mortgage License Act of 1987 ("License Act"). However, Graham provides no support for his claim that the License Act creates a private cause of action, nor has Graham cited any cases that based civil liability on the License Act. Therefore, based on the above, we grant Defendants' motions to dismiss the fraud, intentional misrepresentation, and predatory lending claim.

## II. Unjust Enrichment Claim

Graham also claims that Defendants were unjustly enriched "by foreclosing on a mortgage loan Defendants' [sic] know is a bad loan." (Compl. 7). To succeed on an unjust enrichment claim, a plaintiff must establish that: 1) the defendant retained a benefit, 2) the retention of the benefit was to the detriment of the plaintiff, and 3) "fundamental principles of justice, equity, and good conscience" dictate that the defendant release the benefit to the plaintiff. *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989). Moreover, under Illinois law, a

plaintiff "may not state a claim for unjust enrichment when a contract governs the relationship between the parties." *First Commodity Traders, Inc. v. Heinhold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir.1985).

In the instant action, Graham argues that "the Chase Defendants . . . obtained a secured interest in the Property that the Chase Defendants knew or should have known was overvalued to the detriment of Graham . . . ." (Resp. C's Mot. 10). However, as Midland states, "Graham conveniently forgets that Chase lent him $124,898.00 in return for that mortgage." (Reply M's Mot. 6). While it may be true that the property at issue here was overvalued, that would simply mean that Defendants gave Graham a larger mortgage than perhaps was necessary. It does not mean that Defendants have retained any unjust profit from the mortgage that they extended to Graham. In fact, Defendants actually could have been harmed themselves if the property was over-appraised, because that would mean that Defendants' loan to Graham was under-secured. Additionally, Graham does not contest that his relationship with Defendants is a contractual one, which would preclude a finding of unjust enrichment. *First Commodity Traders, Inc.*, 766 F.2d at 1011. Therefore, we grant Defendants' motions to dismiss the unjust enrichment claim.

### III. Negligence and Fiduciary Duty Claim

Graham also alleges in the complaint that "Defendants owed Graham a duty

of care to assist Graham in restructuring his loan to a fair and equitable loan in light of the Easy Life scam" and that "Defendants failed to exercise reasonable care to provide Graham reasonable options and solutions in light of the Easy Life scam." (Compl. 7-8). In order to recover for negligence under Illinois law, a plaintiff must show that "the defendant owed a duty of care, that the defendant breached that duty, and that the plaintiff incurred injuries proximately caused by the breach." *Adams v. Northern Illinois Gas Co.*, 809 N.E.2d 1248, 1257 (Ill. 2004). In the instant action, Graham has failed to show that Defendants were the proximate cause of his injuries. In fact, Graham directly states that he is seeking recovery "in light of the hardship Graham suffered *due to the Easy Life scam*." (Compl. 8)(emphasis added). Therefore, we find that Graham has not alleged sufficient facts to survive a motion to dismiss his negligence claims.

Graham also alleges that Defendants breached a fiduciary duty that they owed to Graham. Under Illinois law, "[a] mortgagor-mortgagee relationship does not create a fiduciary relationship as a matter of law." *Teachers Ins. & Annuity Ass'n of America v. LaSalle Nat. Bank*, 691 N.E.2d 881, 888 (Ill. App. Ct. 1998). However, in some circumstances, a "contractual relationship [can turn] into a fiduciary relationship [when] one of the parties places great trust in and relies heavily on the judgment of the other party." *Id.* at 888-89. In the instant action, Graham makes no allegations in the complaint that would show that he has placed such trust in or reliance on Defendants to overcome the general rule that there is no fiduciary

relationship between mortgagors and mortgagees. Therefore, we grant Defendants' motions to dismiss the negligence and fiduciary duty claim.

IV. Unconscionability Claim

Graham further alleges in the complaint that "[t]he attempted enforcement of the mortgage by Defendant in light of the Easy Life scam is significantly unconscionable." (Compl. 8). The Seventh Circuit has held that in determining whether a contract is unconscionable, courts must "look to the circumstances existing at the time of the contract's formation, including the relative bargaining positions of the parties and whether the provision's operation would result in unfair surprise." *We Care Hair Development, Inc. v. Engen*, 180 F.3d 838, 843 (7th Cir. 1999)(citing *Cognitest Corp. v. Riverside Pub. Co.*, 107 F.3d 493, 499 (7th Cir. 1997))(internal quotations removed). In his unconscionablity claim, Graham simply alleges that the enforcement of his mortgage would be unconscionable. However, Graham alleges nothing to show that the mortgage was unconscionable at the time that it was entered into, or that any unfair surprise that Graham may have suffered was in any way related to either the mortgage contract or Defendants' actions. Therefore, we grant Defendants' motions to dismiss the unconscionability claim.

V. Estoppel Claim

Finally, Graham alleges that "Defendants have lost it [sic] rights to foreclose

upon Graham's loan by failing to provide reasonable options and solutions to Graham in light of the Easy Life Scam." (Compl. 8). In order to support a cause of action based upon estoppel under Illinois law, a plaintiff must show: "(1) he was misled by the acts or statements of the insurer or its agents (2) reliance by the insured on the representations of the insurer (3) the reliance was reasonable and (4) the reliance was to the detriment of the insured." *Young v. Allstate Ins. Co.*, 812 N.E.2d 741, 753 (Ill. App. Ct. 2004)(quoting *Meier v. Aetna Life & Casualty Standard Fire Insurance Co.*, 500 N.E.2d 1096, 1099 (Ill. App. Ct. 1986)). Although a plaintiff is not required to plead elements of a cause of action under the federal notice pleading standard, Graham alleges absolutely nothing in the complaint to show that he was misled by Defendants rather than by Easy Life, or that could lead to a reasonable inference that Graham was misled by Defendants. Graham also alleges nothing to show that he in any way changed his position in reliance on a statement or action by Defendants. Therefore, we grant Defendants' motion to dismiss the estoppel claim.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motions to dismiss in their entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 16, 2005